UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA MALDONADO,<br><br>Defendant. | Criminal Case No. 18-mj-3166 |

MEMORANDUM AND ORDER DENYING THE
GOVERNMENT'S DETENTION MOTION AS TO VIRGINIA MALDONADO
(Dkt. No. 7)

Defendant Virginia Maldonado (Maldonado) is charged by complaint with conspiracy to commit sex trafficking and conspiracy to violate the prohibition against interstate travel to promote an unlawful activity (prostitution). She is alleged to have participated in a sex trafficking organization headed by one William Coleman (Coleman), involving an unknown number of other women. Three women, Shannon Roberts (Roberts), Jaclyn Lemelin (Lemelin), and Maldonado, have been arrested. The government has moved for pretrial detention as to Lemelin and Maldonado. Roberts is released pending trial on conditions with the government's assent. The court has signed an arrest warrant for Coleman. As of the date of this order, he is a fugitive from justice. On December 10, 2018, the court held an evidentiary hearing as to Lemelin and Maldonado and, at the conclusion of the hearing, took the government's detention motions under advisement as to these defendants.

1

According to the complaint and other evidence, the government contends that Maldonado participated in the conspiracy to engage in sex trafficking by force, fraud or coercion by taking pictures of women in Coleman's organization and using the pictures to post prostitution advertisements and helping to arrange "dates."  She was also a prostitute for Coleman.  When Coleman was in jail, he told Maldonado she was supposed to run the organization for him while he was away, although she was not successful at doing so.  On one occasion, she distributed drugs Roberts.  The government has invoked the presumption of detention set forth in18 U.S.C. § 3142(e)(3)(D), which provides for a rebuttable presumption of pretrial detention when there is probable cause to believe the defendant committed an offense under chapter 77 of Title 18 of the United States Code which carries a maximum term of imprisonment of twenty years or more.  A violation of 18 U.S.C. §1591 carries a penalty of imprisonment for any term of years not less than fifteen and up to life.  See 18 U.S.C. § 1591(b).

"Once triggered, the presumption imposes on the defendant a burden of production." *United States v. Muniz-Alvarez*, CRIMINAL NO. 15-739 (PAD), 2015 WL 8770039, at *1 (D.P.R. Dec. 14, 2015) (citing *United States v. O'Brien*, 895 F.2d 810, 814-15 (1st Cir. 1990)). The burden of rebutting the presumption, which retains evidentiary weight even if rebutted, is not heavy.  *Id.*  The government always retains the burden of persuasion throughout in presumption and non-presumption cases, *id.* (citing *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010)), on the questions of risk of nonappearance and danger to another and the community.  *See, e.g., United States v. Gray*, 529 F. Supp. 2d 177, 180 (D. Mass. 2007).  The government must meet its burden by a preponderance of the evidence as to risk of flight, and by clear and convincing evidence as to danger.  *See id.*  Further, the Bail Reform Act authorizes pretrial detention in cases that involve a serious risk that the defendant will threaten, injure, or

intimidate a prospective witness or juror.  18 U.S.C. § 3142(f)(2).  "The meaning of clear and convincing evidence does not imply that the judge be 'plumb sure' that there is no set of conditions that will protect the public, but the judge should be 'pretty sure.'  *Id.* (quoting *United States v. Gray*, 651 F. Supp. 432 (W.D. Ark. 1987), *aff'd* 855 F.2d 858 (8th Cir.), *cert. denied*, 488 U.S. 866 (1988).  "[B]ecause of the interference of pre-trial detention with the 'importan[t] and fundamental right' of liberty, *United States v. Salerno*, 481 U.S. 739, 750 . . . (1987), this [c]ourt will not make such a finding lightly." *Id.*  "'Undoubtedly, the safety of the community can be reasonably assured without being absolutely guaranteed[.]'" *United States v. Simone*, 317 F. Supp. 2d 38, 42 (D. Mass. 2004) (quoting *United States v. Tortora*, 922 F.2d 880, 84 (1st Cir. 1990)).  "[C]ourts cannot demand more than an 'objectively reasonable assurance of community safety.'" *Id.* (quoting *Tortora*, 922 F.2d at 884 (quoting *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985) (en banc)).

 The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release.  *See* 18 U.S.C. § 3142(g).

The information about Maldonado's history and personal circumstances comes primarily from the pretrial services report, supplemented by information from her attorney.  Maldonado, age 30, was born in Springfield and has lived in Massachusetts for her entire life.  As a child, she lived in various foster homes.  She has lived at 67 Maryland Street in Springfield for seven or

eight years.  She has three children, ages twelve, eight, and five, for whom she has been the primary caregiver.  The youngest is Coleman's son.  Maldonado reported a close relationship with her sister and the paternal grandmother of her two older children.  She filed letters of support from family members at the detention hearing.  Maldonado has been unemployed for the last five years.  The pretrial services report indicates that Maldonado admitted to daily heroin and cocaine use for the last eight to nine years.  Her criminal record is negligible.  There are a series of motor vehicle infractions, which have been dismissed or converted to civil violations.  One such case remains open.  A 2005 charge of assault and battery with a dangerous weapon was dismissed.

Maldonado is charged with participating in a conspiracy to live on the earnings of women who were coerced to engage in prostitution for money.  The principle target of the investigation that resulted in Maldonado's arrest is Coleman, who allegedly recruited and marketed the services of a number of women including Maldonado, generally controlling them by providing or withholding narcotics, although it appears Maldonado went on dates less frequently than other women involved with Coleman.  Maldonado admitted that she took and posted pictures of women who were part of Coleman's organization and that she communicated with women about dates, who was going to show up, what form of sex the client expected, and what the charge should be (Exh. 2).  Coleman controlled the women in his organization with drugs.  Because Maldonado was addicted, she was not supposed to be involved in distributing drugs to other women, although she distributed drugs to Roberts once when Coleman told her to do so.  Coleman supported Maldonado, and she did what he told her to do.  When Coleman was in jail, he directed her to collect money from the women, but she was not successful at running the

organization.  Maldonado pushed Roberts off the porch at her house when Roberts came to the house after Maldonado told her not to.  Roberts was pregnant at the time.

Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), based on the evidence about Maldonado's position and role in Coleman's organization, and taking into consideration the recommendations as to conditions for pretrial release from the Probation Office, the court concludes that are conditions of supervised release that will reasonably ensure the safety of other persons and the community and Maldonado's future appearances in court if she is released pending trial.  The government contends that there is a serious risk that the defendant will flee and points to the minimum mandatory sentence as providing a strong incentive to flee.  On the other side of the scale and weighing against a finding of likely flight or nonappearance if appropriate conditions are imposed, Maldonado has three children for whom she has been the primary caretaker.  She has support from family members in the community.  There is no evidence she has ties to any other location and she has no financial resources.  It is unlikely that she could flee with three young children in tow and it seems unlikely that she would leave them behind.

The court concludes that the government has also failed to prove by clear and convincing evidence that there are no conditions of pretrial release that can reasonably ensure the safety of another and the community if Maldonado is released pending trial.  Maldonado's role seems to have been as Coleman's significant other and mother of his child as much as it was as a participant in his sex trafficking organization.  The evidence appears to indicate that Maldonado was somewhat less involved in running the organization than was Roberts, whom the government has agreed to release pending trial.  Maldonado appears to have played a fairly limited role in distributing drugs to other women controlled by Coleman.  She was not an

enforcer by physical violence for Coleman.  There is no evidence that Maldonado has exploited

or trafficked, or attempted to exploit or traffic, other women outside of the setting of Coleman's

organization.  Coleman, who was by all accounts, very adept at manipulating the women in his

organization, set the women against each other.  Maldonado's criminal record contains no

indication of violence or that she is likely to assault others outside of the setting of Coleman's

organization.  The government has not shown that she was generally involved in the distribution

of narcotics.  Thus, the government has not shown by clear and convincing evidence that

Maldonado poses a risk of danger to the community at large if she is released pending trial.

To the extent there is a risk of danger to others in the event of pretrial release in this case,

it is the risk of possible obstruction of justice, including possible communications with Coleman

and a threat made to Roberts.  Maldonado was on the phone with Coleman when law

enforcement arrived to arrest her and she told him law enforcement officers were there.  He was

already aware they were looking for him.  There is no evidence that Coleman has attempted to

communicate with Maldonado since she has been in custody, although there were telephone calls

between them when he was previously jailed.   At this point, he seems to be taking into account

that he increases the risk of his arrest if he seeks to communicate with the women who have been

charged in this case.  According to Roberts, Maldonado asked to be seated separately from

Roberts in the prison van.  Maldonado said Roberts needed luck because Roberts was the cause

of all of this and was a snitch (Exh. 11).  With Coleman's organization a thing of the past and

Coleman a fugitive from justice, his capacity to endanger others does not appear significant.  *See*

*Simone*, 317 F. Supp. 2d at 49 (risk of obstruction of justice diminished where the organized

crime organization to which the defendants alleged had connections had diminished

significantly).  Aside from the comments in the prison van, Roberts has not reported threats or

any overt attempt to interfere with her cooperation so far as the court has been made aware.  The court is not persuaded that there is a "serious risk" Maldonado "will engage or attempt to engage in the conduct set forth in § 3142(f)(B) *and* that no condition or combination of conditions set forth in § 3142(c) will *reasonably* ensure the safety of any other person and the community." *United States v. Ploof*, 851 F.2d 7, 12 (1st Cir. 1988).

A form of conditions of release for Maldonado is attached hereto as exhibit 1.  The United States Marshal is ordered to keep Maldonado in custody until a bed in a suitable inpatient substance treatment program become available, at which time Maldonado will appear in court for a further hearing on the conditions of release.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

Dated: December 14, 2018